**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **PATRICIA HARDIMON** | CASE NO. 1:20-cv-246 |
| *on behalf of herself and all other similarly-* | |
| *situated individuals*, | JUDGE |
| | |
| Plaintiff, | MAGISTRATE |
| | |
| v. | |
| | |
| **NVENT THERMAL, LLC**, | |
| c/o Corporation Service Company | |
| Statutory Agent | |
| 50 West Broad Street | |
| Suite 1330 | |
| Columbus, Ohio 43215 | |
| | |
| -and- | |
| | |
| **ERICO INTERNATIONAL CORP.**, | |
| c/o Corporation Service Company | |
| Statutory Agent | |
| 50 West Broad Street | |
| Suite 1330 | |
| Columbus, Ohio 43215 | |
| | |
| Defendants. | |

---

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT**
**(WITH JURY DEMAND)**

---

Now comes Plaintiff Patricia Hardimon, by and through her undersigned counsel, and for her Collective and Class Action Complaint, states as follows. Plaintiff, on behalf of herself and all similarly-situated individuals, brings this action under 29 U.S.C. § 216(b) and Ohio law against Defendant nVent Thermal, LLC and Defendant ERICO International Corporation (collectively the "Defendants"). This action seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff and similarly-situated individuals overtime

wages as required by the Fair Labor Standards Act ("FLSA"); the Ohio Minimum Fair Wage Standards Act ("OMFWSA"); and O.R.C. § 4113.15 (Ohio's "Prompt Pay Act.")

## JURISDICTION & VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. This Court has supplemental jurisdiction over Plaintiff's Ohio law claims under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391(b) because the parties reside in this district, and a substantial part of the events giving rise to the claim herein occurred in this district.

## PARTIES

4. Plaintiff is an adult resident of the State of Ohio.

5. Defendant nVent Thermal, LLC is a Delaware limited liability corporation with its international headquarters and principal place of business located in Solon, Ohio.

6. Defendant ERICO International Corporation is a domestic corporation with its principal place of business in Solon, Ohio.

7. At all times relevant herein, Plaintiff was an "employee" of Defendants as defined in the FLSA and OMFWSA.

8. Plaintiff has given written consent to join this action, of copy of which is attached to this Complaint as Exhibit 1.

9. At all times relevant herein, Defendants were "employers" as defined by the FLSA and OMFWSA.

10. Upon information and belief, Defendants each had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year at all times relevant herein.

11.     Upon information and belief, at all times relevant herein, Defendants purchased and handled goods moved in interstate commerce.

12.     At all times relevant herein, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

## FACTS

13.     Defendants manufacturer electric enclosures, electric heat-tracing solutions, complete heat-management systems, and electrical and fastening solutions at various facilities in Solon, Ohio.

14.     Plaintiff is and has been employed by Defendants as a machine operator for more than 18 years.

15.     Throughout her employment with Defendants, Plaintiff and other similarly-situated employees worked in excess of forty hours per workweek on a regular and recurring basis.

16.     Defendants did not pay Plaintiff or the other similarly-situated employees overtime wages for their work as required under the FLSA and OMFWSA.

17.     Instead, in violation of the FLSA and OMFWSA, Defendants manually removed time off of Plaintiff's and other similarly-situated employee's timecards.

18.     In further violation of the FLSA and OMFWSA, Defendants improperly rounded Plaintiff's and other similarly-situated employee's timecard entries.

19.     As a result, Plaintiff and other similarly-situated employees were not paid overtime wages earned by them and owed to them under the FLSA and OMFWSA.

20.     Defendants knowingly and willfully removed time from Plaintiff's and other similarly-situated employee's timecards.

21.     As a result, Defendants knowingly and willfully failed to pay Plaintiff and other similarly-situated employees regular and overtime wages throughout their employment.

3

## COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiff brings Count I of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

23.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current individuals employed by nVent Thermal, LLC and/or Defendant ERICO International Corporation who were paid on an hourly basis at any time between February 5, 2017 and the present.

24.     Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 500 persons.

25.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own interests in bringing this action.

26.     These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll and employee records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

27.     Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b)

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings her State claims pursuant to FED R. CIV. P. 23, on behalf of other non-exempt

persons employed by Defendants and defined as:

> All former and current individuals employed by nVent Thermal,
> LLC and/or Defendant ERICO International Corporation who were
> paid on an hourly basis at any time between February 5, 2017 and
> the present.

29.     All said persons, including Plaintiff, are referred to herein as the "Class."  The Class

members are readily ascertainable.  The number and identity of the Class members are determinable

from Defendants' corporate records.  The hours assigned and worked, the positions held, and the

rate of pay for each Class Member is also determinable from Defendants' records.  For purpose of

notice and other purposes related to this action, their names and addresses are readily available from

Defendants.  Notice can be provided by means permissible under said FED R. CIV. P. 23.

30.     The proposed Class is so numerous that joinder of all members is impracticable, and the

disposition of their claims as a class will benefit the parities and the Court.  Although the precise

number of such persons is unknown, and the facts on which the calculation of the number is

presently within the sole control of the Defendants, upon information and belief, there are more than

500 members of the class.

31.     Plaintiff's claims are typical of those claims which could be alleged by any member of the

Class, and the relief sought is typical of the relief that would be sought by each member of the Class

in separate actions.   All the Class members were subject to the same corporate practices of

Defendants, as alleged herein, of failing to pay overtime compensation.  Defendants' corporation-

wide policies and practices affected all Class members similarly, and Defendants benefited from the

same type of unfair and/or wrongful acts as to each Class member.   Plaintiff and other Class

members sustained losses, injuries and damages arising from the same unlawful policies, practices and procedures.

32.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

33.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

34.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

     a.     Whether Defendants employed Plaintiff and the Class within the meaning of the Ohio law;

     b.     Whether Defendants paid Plaintiff and Class members are the proper overtime wages for all hours worked;

     c.     Whether Plaintiff and Class members are entitled to overtime under Ohio Law;

     d.     Whether Defendants' practice and policy to remove hours from Plaintiff's and the Class member's timecards was a violation of the OMFWSA;

     e.     Whether Defendants' practice and policy to round Plaintiff's and the Class member's timecard entries was a violation of the OMFWSA;

     f.     Whether Defendants' policy of failing to pay Plaintiff and the Class was instituted willfully or with reckless disregard of the law; and

     g.     Whether Defendants' policy of failing to pay Plaintiff and the Class was instituted in good faith.

**COUNT I**
**[Violation of the Fair Labor Standards Act**
**Brought on behalf of Plaintiff herself and all other similarly situated]**

35.     Plaintiff re-alleges all prior paragraphs and incorporates them here by reference.

36.     The FLSA requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in excess of 40 per workweek.

37.     Plaintiff and the similarly situated employees she seeks to represent regularly worked in excess of 40 hours per workweek for Defendants.

38.     Defendants' policy and practice of not paying Plaintiff and other similarly situated employees overtime at the proper overtime rate violates the FLSA.

39.     By engaging in the above-mentioned activities, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

40.     As a result of Defendants' practices and policies, Plaintiff and all those similarly situated have been damaged.

**COUNT II**
**[Violation of the OMFWSA**
**Brought on behalf of Plaintiff herself and the Rule 23 Class]**

41.     Plaintiff re-alleges all prior paragraphs and incorporates them here by reference.

42.     The OMFWSA requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in excess of 40 per workweek.

43.     Plaintiff and the similarly situated employees she seeks to represent regularly worked in excess of 40 hours per workweek for Defendants.

44.     Defendants' policy and practice of not paying Plaintiff and other similarly situated employees overtime at the proper overtime rate violates the OMFWSA.

45.     By engaging in the above-mentioned activities, Defendants willfully, knowingly, and/or recklessly violated the provisions of the OMFWSA.

46.     As a result of Defendants' practices and policies, Plaintiff and all those similarly situated have been damaged.

## COUNT III
### [Untimely Payment of Wages under O.R.C. § 4113.15
### Brought on behalf of Plaintiff herself and the Rule 23 Class]

47.     Plaintiff re-alleges all prior paragraphs and incorporates them here by reference.

48.     During all relevant times, Defendants were entities covered by O.R.C. § 4113.15, and Plaintiff and the Rule 23 Class were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

49.     O.R.C. § 4113.15(A) requires that Defendants pay Plaintiff and the Rule 23 Class all ages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

50.     Plaintiff and the Rule 23 Class's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

51.     In violating Ohio law, Defendants have acted willfully, without a good faith basis and with reckless disregard of Ohio law.

52.     As a result of Defendants' violation, Plaintiff and the Rule 23 Class have been damaged.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, and the FLSA collective plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a)     Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules

9

of Civil Procedure;

     c)      Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class counsel;

     d)      Certification of this case as a collective action pursuant to FLSA;

     e)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the Collective Action Members;

     f)      An award of unpaid overtime wages due Plaintiff and the Collective Action members under the FLSA and the OMFWSA, plus liquidated damages;

     g)      Liquidated damages under the FLSA, OMFWSA, and O.R.C. § 4113.15;

     h)      An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees;

     i)      An award of prejudgment and post-judgment fees; and

     j)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper

Respectfully submitted,

/s/ Joshua B. Fuchs

Joshua B. Fuchs (0087066)
josh@fuchsfirm.com
**THE FUCHS FIRM LLC**
3961 Silsby Road
University Heights, Ohio 44118
(216) 505-7500 (Telephone/Facsimile)

*Attorney for Plaintiff*

10

## **JURY DEMAND**

Plaintiff demands a trial by jury by the maximum number of jurors permitted.

/s/ Joshua B. Fuchs