# EXHIBIT 1

## AGREEMENT OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, this Agreement of Settlement and Release is entered into between Plaintiff Patricia Hardimon, on behalf of herself and the Opt-In Plaintiffs named below, and Defendant ERICO International Corp., this _____ day of September, 2021.

## DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division entitled *Patricia Hardimon v. ERICO International Corp.*, Case No. 1:20-cv-00246-PAB.

2. "Settlement Agreement" shall mean this Agreement of Settlement and Release.

3. "Plaintiffs," unless otherwise specified, shall mean and include the named Plaintiff in the Action, Patricia Hardimon, and all Opt-Ins. When used separately, "Opt-Ins" means the Opt-In Plaintiffs who joined the Action by submitting consent forms filed with the Court.

4. "Plaintiffs' Counsel" shall mean Joshua B. Fuchs of The Fuchs Firm and James J. Hux of Hux Law Firm, LLC.

5. "Defendant" shall mean ERICO International Corp. and shall include all of ERICO International Corp.'s current and former owners, officers, directors, employees, agents, insurers, attorneys, parents, predecessors, successors, subsidiaries, and related and affiliated entities in their individual and official capacities.

6. "Parties" shall mean the Plaintiffs and Defendant, as defined above.

7. "Released Period" shall mean the period beginning three years prior to the date the Action was filed and ending on the date the Court enters a final order approving the Settlement.

8. "Effective Date" shall be the date on which the Court enters a final order approving the settlement in a form substantively conforming to the Proposed Final Order attached as Exhibit 3.

## RECITALS

9. This Settlement resolves bona fide disputes involving wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201-219, and corresponding provisions of Ohio wage-and-hour law.

10. The Parties are represented by experienced counsel. Extensive investigation was conducted on both sides and settlement negotiations were rigorous. The Parties believe the resulting agreement appropriately balances the expenses, risks, and possible outcomes of protracted litigation on the merits. For the Plaintiffs, the proposed settlement will eliminate the risk and delay of litigation and make substantial payments available to all.

11. Therefore, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties do hereby settle, compromise, and resolve any and all claims specified herein, as follows.

### III.     APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION

12.     **Fair, Adequate, and Reasonable Settlement.**  The Parties agree that the Settlement is fair, adequate, and reasonable and will so represent to the Court.  The individual allocations to Patricia Hardimon and the Opt-Ins are proportionate to their respective damages as estimated by Plaintiffs' counsel based upon their actual hours worked, respective pay rates, and potentially recoverable damages.

13.     **Cooperation.**  The Parties agree to cooperate and take all steps necessary to accomplish and implement the terms of this Settlement Agreement.

14.     **Joint Motion for Approval of Settlement.**  The Parties will jointly move the Court no later than September 7, 2021, to approve the proposed settlement of the Plaintiff's and Opt-Ins' claims pursuant to the FLSA, 29 U.S.C. § 216(b).

15.     **Final Order.**  The Joint Motion for Approval of Settlement will ask the Court to enter a Proposed Final Order approving the settlement and entering final judgment dismissing all claims against Defendant, with prejudice.

### SETTLEMENT PAYMENTS

16.     **Total Settlement Amount**.  Defendant will pay the sum of Five Hundred and Seventy-Five Thousand Dollars ($575,000.00) in final and complete settlement of the Action ("Total Settlement Amount"). This Total Settlement Amount is the maximum that will be paid by Defendant (excluding the employer's share of payroll taxes and withholdings and any Claims Administrator fees), and includes the Individual FLSA Payments to Plaintiff and the Opt-Ins described in Paragraph 17, the Service Award to Plaintiff described in Paragraph 18, and Attorneys' Fees and Litigation Costs of Plaintiffs'

Counsel described in Paragraph 19. In no event shall Defendant be required to pay any amounts above this Total Settlement Amount under this Settlement Agreement.

17. **Individual FLSA Payments to Plaintiffs**. Subject to the Court's approval, the Total Settlement Amount, after deduction of the Service Award, Attorneys' Fees, and Litigation Costs, will be distributed to Plaintiff and the Opt-Ins according to the Table of Individual Payments filed as Exhibit 2 to the parties' Joint Motion for Approval of Settlement ("Individual FLSA Payments to Plaintiffs"). The allocations are proportionate to their respective damages as estimated by Plaintiffs' counsel.

18. **Service Award**. Plaintiff's Counsel will apply to the Court for approval of an amount of $10,000.00 to be paid to Plaintiff Patricia Hardimon in recognition of her assistance to Plaintiffs' Counsel and her substantial contribution to achieving the settlement on behalf of herself and the Opt-Ins ("Service Award"). Defendant agrees not to oppose this request. The ultimate amount awarded to Plaintiff as a Service Award will be set by the Court in its discretion, not to exceed $10,000.00. The Service Award to Plaintiff is included in, and shall be paid out from, the Total Settlement Amount. Any order, finding, ruling, holding or proceeding relating to any such applications for a Service Award, or any separate appeal from any separate order, finding, ruling, holding, or proceeding relating to them or reversal or modification of them, shall not operate to terminate or cancel this Settlement Agreement or otherwise affect or delay the finality of the final order and judgment or this Settlement. A Service Award in the amount sought is not a material term of this Settlement Agreement and an award of less than the amount sought by does not give rise to a basis to abrogate this Settlement Agreement. While

Plaintiff retains the right to appeal any such reductions, such appeal will delay Defendant's obligation to make all payments set forth in this Settlement Agreement. Any unapproved amount of a Service Award shall be apportioned to the Individual FLSA Payments to Plaintiffs.

19. **Attorneys' Fees and Litigation Costs.** Defendant agrees to not oppose a request by Plaintiffs' Counsel to the Court for an award of attorneys' fees and litigation costs of up to $195,371.51 ("Attorneys' Fees and Litigation Costs"), consisting of $191,666.67 in attorneys' fees and $3,704.84 in reimbursement of litigation costs. The Attorneys' Fees and Litigation Costs are included in, and shall be paid out from, the Total Settlement Amount.

    a. The ultimate amount of Attorneys' Fees and Litigation Costs awarded to Plaintiffs' Counsel will be set by the Court in its discretion, not to exceed $195,371.51, and Defendant is not agreeing to pay any specific amount other than the amount awarded by the Court. Any order, finding, ruling, holding or proceeding relating to any such applications for Attorneys' Fees and Litigation Costs, or any separate appeal from any separate order, finding, ruling, holding, or proceeding relating to them or reversal or modification of them, shall not operate to terminate or cancel this Settlement Agreement or otherwise affect or delay the finality of the final order and judgment or this Settlement. The award of Attorneys' Fees and Litigation Costs in the amount sought is not a material term of this Settlement Agreement and an award of less than the amount sought by does not give rise to a basis to abrogate this Settlement Agreement. While Plaintiff retains the right to appeal any such reductions, such appeal will delay

Defendant's obligation to make all payments set forth in this Settlement Agreement. Any unapproved amount of Attorneys' Fees and Litigation Costs shall be apportioned to the Individual FLSA Payments to Plaintiffs.

      **b.** Over and above the total amount of the Court-approved award of Attorneys' Fees and Litigation Costs, Plaintiffs and Defendant shall each bear their/its own fees and costs incurred by them or arising out of this Action; the negotiation, execution, or implementation of this Settlement Agreement; and/or the process of obtaining, administering or challenging an order granting approval of this Settlement or a final order and judgment. The Parties will not seek reimbursement of any such fees and/or costs from any party to this Settlement Agreement or from any of the Released Parties.

      **c.** All claims for attorneys' fees and costs that Plaintiffs' Counsel, Plaintiff and the Opt-Ins may possess against Defendant have been compromised and resolved in this Settlement Agreement and shall not be affected by any appeal.

20. **Tax Treatment and Reporting**. The Individual FLSA Payments to Plaintiff and the Opt-Ins will be allocated based on the allegations in the Action as follows: Fifty-percent of each Individual FLSA Payment will be treated as wage payments subject to deduction of the employee share of applicable taxes and withholdings required by federal, state, and local law (including withholdings mandated by any court order), and reported to the appropriate taxing authorities on Forms W-2 based on Plaintiff and each Opt-In's current W-4 elections. Defendant will be separately responsible for only its share of any state and federal payroll taxes imposed by applicable law for the wage payment

portion of the Individual FLSA Payments, including the employer's share of the FICA tax and any federal and state unemployment tax due, which shall not be paid from the Total Settlement Amount.  Fifty-percent of each Individual FLSA Payment will be treated as settlement for statutory penalties.  The statutory penalty portion shall be reported on an IRS Form 1099 to the appropriate taxing authorities.  The service award will be considered non-wage income and reported to appropriate taxing authorities on a Form 1099 to Patricia Hardimon.  Attorneys' fees and costs will be considered non-wage income and reported to the appropriate taxing authorities on a Form 1099 to The Fuchs Firm LLC.  With the exception of the employer's share of taxes and withholdings for the Individual FLSA Payments, Plaintiff, the Opt-Ins, and Plaintiffs' Counsel will bear sole liability, and indemnify Defendant against, any taxes or assessments owed in connection with the payments listed in Paragraphs 17 through 20.  Plaintiff's counsel shall provide Defendant's counsel with signed IRS W-9 forms and IRS W-4 forms as requested by Defendant's counsel.

21.     **Employee Benefit Plan.** The amounts paid to Plaintiff and the Opt-Ins as described in Paragraph 17 are for the settlement of disputed claims and do not constitute actual wages for the purpose of contributions to employee benefit plans, but are treated as wage-type payments for tax purposes only.

## SETTLEMENT ADMINISTRATION

22.     **Opt-In Addresses.**  Defendant will issue the Individual Payments via mailing addresses provided by Plaintiff's Counsel.

23. **Distribution of Individual Payments.** Defendant will issue the Individual Payments to Plaintiff and the Opt-Ins within thirty (30) days of the Effective Date. Defendant will issue said checks according to pre-tax amounts approved by the Court in the Table of Individual Payments.

24. **Distribution of Service Award, Attorneys' Fees, and Litigation Costs.** Within thirty (30) days after the Effective Date, Defendant will deliver checks for the Service Award and the Attorneys' Fees and Litigation Costs to The Fuchs Firm LLC, c/o Joshua Fuchs, 248700 Fairmount Boulevard, Beachwood, Ohio 44122.

25. **Non-Cashed Settlement Checks**.  At thirty-day intervals, Defendant's Counsel will inform Plaintiffs' Counsel of the checks that remain undeliverable or uncashed.  Plaintiffs' Counsel may provide alternative addresses for such checks and request reissuance.  Settlement checks returned as "undeliverable" that remain undeliverable 120 days after the Effective Date shall revert to Defendant.

26. **Settlement Administration Expenses**. Defendant reserves the right to engage a Settlement Administrator of its choosing to administer this Settlement. Defendant will separately be responsible for any fees of such Settlement Administrator, which shall not be paid from the Total Settlement Amount.

## RELEASE OF CLAIMS

27. **Claims Released by Plaintiff Patricia Hardimon only.** Patricia Hardimon forever and fully releases Defendant, together with its predecessors, parents, subsidiaries, and related and affiliated entities, as well as all of their former, current and respective owners, officers, directors, employees, agents, attorneys, insurers,

shareholders, employee benefit plans and their fiduciaries, and their successors and assigns, both individually and in their official capacities ("Released Parties"), from any and all claims, rights, demands, liabilities and causes of action of every kind and description concerning Ms. Hardimon's employment with Defendant, whether known or unknown, arising on or before the Effective Date including but not limited to contractual claims, claims under all federal, state, and local statutes, rules, regulations, ordinances, orders or common law principles, claims for unpaid wages, unpaid overtime compensation, unpaid commissions, liquidated damages, retaliation, discrimination, wrongful discharge, interest, attorneys' fees, and expenses, and further including claims under the FLSA, the Ohio Minimum Fair Wage Standards Act, the Ohio Prompt Pay Act and the common law. This Settlement shall constitute, and may be pleaded as, a complete and total defense to any such released claims if raised in the future.

28. **Claims Released by the Opt-Ins**. In addition to the claims released in Paragraph 26 all Opt-Ins forever and fully release and discharge Defendant and all of the Released Parties from any and all claims, demands, rights, liabilities, and causes of action of any kind or nature, known or unknown, for unpaid wages, liquidated damages, and attorneys' fees arising on or before the Effective Date, arising under the Fair Labor Standards Act, applicable state wage statutes including the Ohio Minimum Fair Wage Standards Act, the Ohio Prompt Pay Act, and/or the common law, and further including the claims asserted in the Action.

29. The releases in Paragraphs 27 and 28 become effective on the Effective Date.

30. **Return of Defendant's Data and Other Property.** Plaintiff and Opt-Ins shall return to Defendant all timekeeping and payroll data provided by Defendant to Plaintiff's Counsel in connection with the Action. Plaintiff and Opt-Ins shall also return to Defendant all non-privileged email communications of Defendant.

## GENERAL PROVISIONS

31. **Court Approval.** This Agreement is conditioned upon approval by the Court. If the Court denies approval, the Action will resume as it existed prior to the execution of this Agreement.

32. **No Admission.** Nothing contained in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability. Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. Neither this Settlement Agreement, nor any action taken to carry out this Settlement, is, may be construed as, or may be used as an admission, concession, or indication by or against Defendant of any fault, wrongdoing or liability whatsoever.

33. **Construction.** The Settlement shall be governed by and construed in accordance with the laws of the State of Ohio. The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement Agreement.

34. **Modification.**  This Settlement Agreement may not be changed, altered or modified, except in a writing signed by the Parties and approved by the Court.

35. **Integration.**  This Settlement Agreement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are merged in this Settlement Agreement.  No rights under this Settlement Agreement may be waived except in writing signed by the Parties.

36. **Assigns.**  This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

37. **Counterparts.**  This Settlement Agreement may be executed in counterparts.  When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

38. **Jurisdiction.**  The parties request that the Court retain jurisdiction to enforce the terms of the Settlement and this Settlement Agreement.

IN WITNESS WHEREOF, the parties have signed this Agreement on the dates set forth with their signatures.

**SO AGREED:**

_____

Patricia Hardimon

*s/ Joshua B. Fuchs*
Joshua B. Fuchs (0087066)
14717 South Woodland Road
Shaker Heights, Ohio 44120
216-505-7500
josh@fuchsfirm.com

*s/ James J. Hux*
James J. Hux (0092992)
3 Severance Circle #18147
Cleveland Heights, Ohio 44118
Phone: 937-315-1106
Fax: (216) 359-7760
jhux@huxlawfirm.com

Counsel for Plaintiff


_____

ERICO International Corp.
By:
Its:

*/s/ Carrie A. McAtee*
SHOOK, HARDY & BACON L.L.P.
Carrie A. McAtee
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
Email: cmcatee@shb.com

*/s/ Gust Callas*
Gust Callas (#0015815)
Whitney L. Willits (#0089728)
220 Market Avenue South, Suite 1000
Canton, Ohio 44702
Ph: (330) 456-8341
Fax: (330) 456-5756
Email: gcallas@bmsa.com
      wwillits@bmsa.com

Counsel for Defendant